# Esters *v*. Hurt.

*False Imprisonment.*

(Decided April 11, 1907.   43 So. Rep. 565.)

*Appeal; Review; Remarks of Court.*—Demurrers were sustained to the complaint and the court remarked "that under no state of facts could the defendant be held liable." The plaintiff took a non suit after declining to plead over. The assignment of error does not relate to the overruling of the demurrers but only to the remarks of the court. Held, that the remark was merely the opinion of the court, and in this instance did not have the effect of influencing the jury to the prejudice of the party appealing and, therefore, could not be made the basis of error. The error assigned should have been to the court's · ruling on demurrer.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

This is an action for false imprisonment begun by Robert Esters against F. D. Hurt, clerk of the circuit court, for a false imprisonment alleged to have grown out of the wrongful sentence to hard labor. The court sustained demurrers to the complaint and remarked that under no state of facts could the defendant be held liable. No exception is reserved to the ruling of the court on the demurrers, but the remarks of the court are assigned as error.

. W. H. NORWOOD, for appellant.—The ruling of the court went to the entire complaint as amended, and placed the plaintiff without a pleading.—*Lasseter v. Blackwell*, 128 Ala. 143; *Downs r. Minchow*, 30 Ala. 86; *Duncan v. Hargrove*, 22 Ala. 150; *Shields v. Byrd*, 15 Ala. 818.

That the action brought will lie, and that the complaint as amended sets out a substantial cause of action, see: *Norton v. Kumpe*, 121 Ala. 446; *Mason v.*

*Crabtree,* 71 Ala. 679; *Elliott v. Kitchens,* 111 Ala. 546. As to misapplication of plaintiff's money under color of office, see *Mason v. Crabtree, supra; Turrentine v. Grigsby,* 118 Ala. 380.

VIRGIL BOULDIN, for appellee.—That a recovery cannot be had in the case the court's attention is called to the following authorities. 1st, as to application of cost by the clerk, section 5426, Code 1896; *Ex parte Pierce,* 89 Ala. 177. As to the causal connection between plaintiff's imprisonment and the alleged failure of duty on the part of defendant: *A. G. S. R. R. Co. v. Ardnt,* 80 Ala. 605; *Blackburn v. A. G. S. R. R. Co.,* 143 Ala. 346; *Bradford v. Bailey,* 167 Pa. 506; 1 Sutherland on Damages, 34.

ANDERSON, J.—The judgment entry shows that after demurrers were sustained to the complaint the court stated "that under no state of facts could the defendant be held liable. Thereupon the plaintiff, declining to plead over, takes a nonsuit." The assignments of error do not relate to the ruling of the court on the demurrers, but to the ruling or statement of the court to the effect that the plaintiff could not recover under any state of facts. What was said was the mere opinion of the trial judge, and was not such a ruling as can be reviewed on this appeal. If the trial court erred in sustaining the demurrers, the plaintiff should assign such ruling as error, which was not done. On the other hand, he should not have abandoned his action because of the opinion of the judge, but should have amended his complaint and gotten a further ruling thereon, in order to review the action of the court for anything done after sustaining the first and only demurrers. Of course, there are instances when remarks and expressions of the trial court will be considered upon bill of exceptions, where such remarks and expressions may influence a jury to the prejudice of a party upon trial of a cause; but upon appeals like the present one, where nothing is involved except questions of pleading, we can only reverse the trial court when the appellant shows that error was commit-

[Wolf, v. Do ex dem. Delage, et al.]

ted in the rulings, and said rulings are assigned as error, and will not consider mere expressions and opinions of the trial judge.

The judgment of the circuit court is affirmed.

Tyson, C. J., and Dowdell and Simpson, JJ., concur.